AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

__Eastern__ District of __Michigan__

UNITED STATES OF AMERICA
V.
ERIC CORNELL SUTTLES
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 09-20166

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☑ (1) There is probable cause to believe that the defendant has committed an offense
  - ☑ for which a maximum term of imprisonment of ten years or more is prescribed in __Title 21__.
  - ☐ under 18 U.S.C. § 924(c).
- ☑ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

there are no conditions or combination of conditions that will reasonably assure the appearance of the defendant as required and the safety of the community considering the factors listed in 18 U.S.C. 3142(g), as more fully explained in the attached statement of reasons.

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| April 20, 2009 | s/Michael Hluchaniuk |
|---|---|
| Date | *Signature of Judge* |
| | Michael Hluchaniuk    U.S. Magistrate Judge |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

United States v. Eric Cornell Suttles
Case No. 09-20166

### STATEMENT OF REASONS FOR DETENTION

Defendant is before the Court charged with three violations of the federal criminal laws in an indictment returned on April 15, 2009. He is charged in the indictment with possessing heroin with the intent to distribute, possessing marijuana with the intent to distribute, and with being a felon in possession of firearms. All three offenses are alleged to have taken place on November 26, 2008, and apparently arise from the execution of a search warrant at defendant's home.

Defendant first appeared before the Court on these charges on April 15, 2009. An arraignment was completed at that time and counsel was appointed. The government made a motion for detention during the hearing and requested time to prepare for the hearing. The hearing was held on April 17, 2009. During the hearing the government presented information to the Court including: 1) that defendant stands convicted of three prior felony drug offenses; 2) that the government intends to file an information pursuant to 21 U.S.C. § 851 which, when filed, would enhance the potential penalty defendant would face if convicted of the offenses in the indictment; 3) that, while on probation for one of his prior

2

felony drug offenses, defendant absconded; 4) that the present offenses were committed while defendant was on bond for one of his prior felony drug convictions; 5) that defendant, on the date of the search warrant, was in possession of a loaded assault rifle (in addition to three other firearms), which had attached to it a 100 round capacity ammunition magazine; and 6) the presumption in favor of detention applied to these circumstances.

It is determined that defendant has not rebutted the presumption in favor of detention and, if it had been rebutted, the government has established, by a preponderance of the evidence, that: a) defendant is a flight risk, and b) based on defendant's prior record, the penalty faced with the present charges and the prior incident of absconding. The government has established by clear and convincing evidence that defendant is a danger to the community based on his continued drug trafficking and his possession of firearms including an assault rifle with a 100 round capacity ammunition magazine. Based on these findings, the government's motion for detention is granted.

## CERTIFICATE OF SERVICE

I certify that on April 20, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Nancy A. Abraham, AUSA, and Kenneth R. Sasse, Federal Defenders Office</u>, and I certify that I have mailed by United States Postal Service/hand-delivered the paper to the following non-ECF participants: <u>Pretrial Services Agency and the United States Marshal's Service</u>.

                                                              s/James P. Peltier
                                                              Courtroom Deputy Clerk
                                                              U.S. District Court
                                                              600 Church Street
                                                              Flint, MI 48502
                                                              (810) 341-7850
                                                              pete_peltier@mied.uscourts.gov